UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ALBERT ZUNIGA,                        Civil No. 12-478 (SRN/SER)

        Petitioner,

v.                                             **REPORT AND RECOMMENDATION**

SCOTT P. FISHER,

        Respondent.

Petitioner, a federal prisoner, filed an application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the case be summarily dismissed without prejudice.

Petitioner's habeas corpus petition presents several claims related to his federal incarceration. Previously, this Court reviewed the petition and determined that Petitioner was not challenging the fact or duration of his confinement, but rather, was challenging only the **conditions** of his confinement. Because habeas corpus is not an appropriate remedy for a prisoner's "conditions of confinement" claims, the original petition was stricken without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. (Docket No. 2.) Petitioner was granted leave to file an amended pleading, prepared and submitted as a non-habeas civil rights complaint. He was also directed to pay the filing fee for a non-habeas civil action, or else file an IFP application and pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1).

The Court's prior order expressly advised Petitioner that if he did not file an amended pleading, and pay his filing fee, (or satisfy the requirements for proceeding IFP), by March 30,

1

2012, he would be deemed to have abandoned this action, and it would be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. The deadline for complying with the Court's prior order in this matter has now expired, and Petitioner has not filed a civil complaint, nor has he taken any action to resolve the filing fee requirement.

After Petitioner was ordered to replead, he filed a self-styled "Motion to Alter or Amend Judgment." (Docket No. 3.) In that submission, Petitioner contends that he can properly challenge the conditions of his confinement in a habeas corpus petition. That argument must be rejected for the reasons set forth in the Court's previous order. As explained in that order, a prisoner cannot circumvent the Prison Litigation Reform Act and attempt to challenge the conditions of his confinement in a habeas corpus proceeding.[1] The Court therefore recommends that Petitioner's "Motion to Alter or Amend Judgment" be denied.

Because Petitioner has failed to comply with the Court's previous order, it is now recommended that Petitioner be deemed to have abandoned this action, and that the action be summarily dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). *See Henderson v. Renaissance Grand Hotel*, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (recognizing federal court's inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of

---

[1] One of the cases cited in the Court's previous order, *Taylor v. Roal*, Civil No. 10-3588 (PJS/JJG) (D.Minn. 2010), 2010 WL 4628634, provides an excellent in-depth explanation of the reasons why a federal prisoner cannot attempt to use a § 2241 habeas corpus petition, (rather than a non-habeas civil complaint), to challenge the conditions of his confinement.

cases").[2]

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED that:**

1. Petitioner's "Motion to Alter or Amend Judgment," (Docket No. 3), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: September 27, 2012
                *s/Steven E. Rau*
                Steven E. Rau
                U.S. Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 11, 2012,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.

---

[2] A website maintained by the federal Bureau of Prisons, (www.bop.gov), indicates that Petitioner has been re-assigned to a community corrections center in Seattle, Washington. This suggests that the claims raised in Petitioner's original habeas corpus petition might now be moot in any event.